# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### EASTERN DIVISION
#### NO. _____

|  |  |
|---|---|
| **KINSTON FISH & OYSTER, INC.**, d/b/a **REYNOLDS SEAFOOD COMPANY**, <br><br> PLAINTIFF, <br><br> vs. <br><br> **UNITED STATES OF AMERICA**, <br><br> DEFENDANT. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR JUDICIAL REVIEW

NOW COMES Plaintiff, KINSTON FISH & OYSTER, INC., doing business as REYNOLDS SEAFOOD COMPANY, and complaining of Defendant, UNITED STATES OF AMERICA, acting through the United States Department of Agriculture (USDA), Food and Nutrition Administration (FNA), and hereby alleges as follows:

### PRELIMINARY STATEMENT

1.      This action arises out of the administrative decision of the USDA Retailer Operations Division (ROD), which was then affirmed by the FNA, to impose a one-year disqualification penalty against Plaintiff with respect to its participation as an authorized retailer in the Supplemental Nutrition Assistance Program (SNAP).

2.      The one-year disqualification penalty was imposed pursuant to 7 CFR § 278.6(a), which permits—but does not require—the disqualification of any authorized retail food store or authorized wholesale food concern from further participation in SNAP if it fails to comply with the Food and Nutrition Act of 2008 and allows for a

disqualification of six months to five years for the first sanction and one year to ten years for the second sanction (or permanent disqualification in other circumstances).

3.   Additionally, the one-year disqualification penalty in this case was also imposed pursuant to 7 CFR § 278.6(e)(4), which authorizes a one-year disqualification only if one of two tests is met. The first test has two parts. The first part requires that it must be "the first sanction for the firm." The second part requires that "the ownership or management personnel of the firm committed violations such as the sale of common nonfood items in amounts normally found in a shopping basket, and FNS had not previously advised the firm of the possibility that violations were occurring and of the possible consequences of violation the regulations." *Both* of these parts must be satisfied—the regulation uses the word "*and*"—for the first test to be met. (Emphasis added.) The second test only has one part and requires that "[t]he firm has accepted SNAP benefits in payment for items sold to a household on credit."

4.   "[I]n lieu of a disqualification," however, 7 CFR § 278.6(a) and 7 CFR § 278.6(f)(1) both provide the FNA with the discretion—both regulatory provisions use the word "may"—to, alternatively, impose "a civil money penalty" as a sanction.

5.   Pursuant to both 7 USC § 2023 and 7 CFR § 279.7, Plaintiff has the right to pursue judicial review of the FNA's decision and is timely doing so in this action.

### PARTIES

6.   Plaintiff incorporates the allegations above as if set forth fully herein.

7.   Plaintiff, Kinston Fish & Oyster, Inc., doing business as Reynolds Seafood Company, is a North Carolina corporation with a mailing, principal office,

registered office, and registered mailing address of 336 N. Heritage St., Kinston, NC 28501-4824. Plaintiff's current registered agent is its president, John C. Reynolds, Jr.

8. Plaintiff is a retail seafood market that has proudly served the City of Kinston, Lenoir County, and the surrounding communities for more than sixty years.

9. Defendant, the United States of America, is named as the defendant in this lawsuit seeking judicial review of the FNA's decision pursuant to 7 USC § 2023(a)(13), which requires that the complaint be filed "against the United States…."

## JURISDICTION AND VENUE

10. Plaintiff incorporates the allegations above as if set forth fully herein.

11. This Court has jurisdiction over this action pursuant to 7 USC § 2023(a)(13), which expressly requires that this lawsuit be filed "against the United States in the United States court for the district in which it [, *i.e.*, Plaintiff] resides or is engaged in business, or, in the case of a retail food store or wholesale food concern, in any court of record of the State having competent jurisdiction, within thirty days after the date of delivery or service of the final notice of determination upon it…."

12. This Court also has jurisdiction over this action pursuant to 7 CFR § 279.7(a), which likewise requires that this lawsuit be filed "against the United States in the U.S. district court for the district in which the owner resides or is engaged in business, or in any court of record of the State having competent jurisdiction," as well as that "[t]he complaint must be filed within 30 days after the date of delivery or service upon the firm of the notice of determination of the designated reviewer…."

13. In addition to jurisdiction under these provisions, 28 USC § 1331 grants this Court original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States, including 7 USC § 2023 and 7 CFR § 279.7.

14. This action was timely filed within thirty days of the FNA's "Final Agency Decision," which is dated June 23, 2026, and was received by Plaintiff on the next day, on June 24, 2026, as required by 7 USC § 2023(a)(13) and 7 CFR § 279.7(a).

15. Venue is appropriate in the Eastern District of North Carolina, Western Division, pursuant to 7 USC § 2023(a)(13), 7 CFR § 279.7(a), and 28 USC § 1391(b), because Plaintiff is located and engages in business in the City of Kinston, Lenoir County, North Carolina, and because the acts giving rise to this action occurred here.

## FACTUAL AND PROCEDURAL ALLEGATIONS

16. Plaintiff incorporates the allegations above as if set forth fully herein.

**Plaintiff's Business**

17. Plaintiff is a small, family-owned seafood market in the City of Kinston.

18. Plaintiff receives and processes fresh seafood at its Kinston location.

19. Plaintiff has served the City of Kinston, Lenoir County, and the surrounding communities as the only fresh seafood market for more than sixty years.

20. Plaintiff also sells some frozen and pre-packaged seafood options, but those specific items are limited to seafood that are typically not sourced locally.

21. In other words, unlike chain grocery stores in the area that may offer some seafood items for sale, Plaintiff is the **only** retailer that receives and processes the fresh and previously unpackaged seafood at its local store in the Kinston area.

**The City of Kinston**

22. The City of Kinston is a small Eastern North Carolina community.

23. As of 2025, it has a population of approximately 19,500 residents.

24. Lenoir County as a whole has a population of approximately 55,000.

25. The median household income is approximately $35,000, the per capita income is approximately $29,000, and the poverty rate is approximately 28 percent.

**Plaintiff's SNAP Participation**

26. Plaintiff has participated in SNAP since the early years of the program.

27. Plaintiff's participation in SNAP allows low-income families in the City of Kinston, Lenoir County, and the surrounding communities to have access to fresh seafood, a highly nutritious food option otherwise unavailable to low-income families.

28. For more than sixty years, Plaintiff participated in SNAP without issue.

29. Before the incident at issue, Plaintiff had only one other violation, which occurred approximately fifteen years ago and involved, based on Plaintiff's best recollection, the sale of non-eligible items like paper towels or other paper products.

30. Plaintiff accepted responsibility for that incident and paid the penalty.

31. SNAP purchases represent approximately twenty-five percent of Plaintiff's total revenue, meaning they are a substantial portion of the store's income.

32. Conversely, the non-SNAP purchases at issue in this action represent less than one percent of Plaintiff's total revenue, a very small portion of that amount.

33. Furthermore, unlike larger retail establishments, Plaintiff does not have an electronic point-of-sale system that automatically flags items that are not eligible for SNAP. Instead, Plaintiff, like most mom-and-pop stores, relies on cashiers.

**The Incident At Issue**

34. This action arises out of Plaintiff's acceptance of SNAP benefits in exchange for approximately $45.00 worth of ineligible merchandise in late June 2025.

35. Specifically, it was alleged that Plaintiff accepted SNAP benefits for a disposable crab hammer, an oyster knife, boning and utility knives, a shrimp deveiner, and a fish scaler. Again, the value of these items was approximately $45.00.

36. The ROD charged Plaintiff's ownership with violating SNAP regulations, including 7 CFR § 278.2(a), and imposed a one-year disqualification penalty pursuant to both 7 CFR § 278.6(a) and 7 CFR § 278.6(e) against Plaintiff.

37. In a letter dated June 23, 2026, and received by Plaintiff on June 24, 2026, the FNA sustained the one-year disqualification penalty imposed by the ROD.

38. Plaintiff has since removed all non-SNAP eligible items from its store.

### CLAIMS FOR RELIEF

39. Plaintiff incorporates the allegations above as if set forth fully herein.

40. Again, judicial review of the FNA's one-year disqualification penalty is statutorily authorized pursuant to both 7 USC § 2023(a)(13) and 7 CFR § 279.7(a).

41. Pursuant to 7 USC § 2023(a)(15), for purposes of such a judicial review, Plaintiff is statutorily entitled to "a trial de novo by the court in which the court shall determine the validity of the of the questioned administrative action in issue…."

42.     "To be 'valid,' a sanction must not be arbitrary and capricious, and a sanction is arbitrary and capricious if it is *unwarranted in law or without justification in fact.*" *Cross v. United States*, 512 F.2d 1212, 1218 (4th Cir. 1975) (emphasis added).

## COUNT I: REQUEST FOR JUDICIAL REVIEW

### (ONE-YEAR DISQUALIFICATION)

43.     Plaintiff incorporates the allegations above as if set forth fully herein.

44.     In this case, because the FNA's one-year disqualification penalty against Plaintiff pursuant to 7 CFR § 278.6(a) and 7 CFR § 278.6(e)(4) was neither warranted in law nor justified in fact, it was arbitrary and capricious and should be reversed.

45.     Specifically, the one-year disqualification penalty under 7 CFR § 278.6(a) was not warranted by law because that regulatory provision expressly allows for "a civil money penalty" "in lieu of a disqualification" based on the circumstances.

46.     Likewise, the one-year disqualification penalty under 7 CFR § 278.6(e)(4) was not warranted by law because Plaintiff's "ownership or management personnel" did *not* commit the violations at issue. Instead, the violations at issue were committed by employees whose employment with Plaintiff has since been terminated.

47.     Furthermore, the FNA's one-year disqualification penalty under both regulatory provisions was not justified in fact because the length of the disqualification period, *i.e.*, one year, is not proportional to the violation, *i.e.*, $45.00.

48.     There is also *no* evidence of trafficking, systematic misconduct, intent to defraud, or any intent to violate SNAP at all. Rather, the incidents reflect human error by former employees involving $45.00 of non-eligible sales.  Indeed, Plaintiff's

total non-eligible SNAP items account for less than one percent (1%) of Plaintiff's total revenue. Plaintiff's total SNAP sales account for roughly twenty-five percent (25%) of Plaintiff's total revenue. Plaintiff has no incentive to engage in trafficking, fraud, or a system to violate SNAP benefits.

49. For these reasons, the FNA's one-year disqualification penalty is arbitrary and capricious and should be reversed by this Court upon de novo review.

## COUNT II: REQUEST FOR JUDICIAL REVIEW
### (CIVIL MONEY PENALTY DENIAL)

50. Plaintiff incorporates the allegations above as if set forth fully herein.

51. Alternatively, even if the FNA's one-year disqualification penalty was not arbitrary and capricious, its imposition of that penalty rather than a civil money penalty was disproportionate to the violation and, therefore, arbitrary and capricious.

52. As indicated above, 7 CFR § 278.6(a) expressly allows for "a civil money penalty" "in lieu of a disqualification" based on the circumstances in a specific case.

53. Similarly, as indicated above, 7 CFR § 278.6(f)(1) likewise provides that the FNA "may impose a civil money penalty as a sanction in lieu of disqualification when the firm subject to disqualification is selling a substantial variety of staple food items, and the firm's disqualification would cause hardship to SNAP households…."

54. The circumstances in this case, including the low monetary value of the violations compared with Plaintiff's near flawless history of SNAP participation, the purpose of SNAP, and the reliance of numerous low-income families in the community on Plaintiff, warrant, at most, a civil money penalty, not a one-year disqualification.

55. For these reasons, the FNA's one-year disqualification penalty is arbitrary and capricious and should be reversed by this Court upon de novo review. In lieu of that one-year disqualification, this Court should remand this matter with instructions to impose a civil money penalty proportional to the violations at issue.

## COUNT III: REQUEST FOR JUDICIAL REVIEW

## (IMPROPER HARDSHIP ANALYSIS)

56. Plaintiff incorporates the allegations above as if set forth fully herein.

57. Finally, even if the FNA's one-year disqualification and its imposition of that penalty rather than a civil money penalty were not arbitrary and capricious, its analysis regarding whether the one-year disqualification would result in a hardship on SNAP recipients was improper and, therefore, arbitrary and capricious as well.

58. As indicated above, 7 CFR § 278.6(f)(1) authorizes the FNA to "impose a civil money penalty as a sanction in lieu of disqualification when the firm subject to disqualification is selling a substantial variety of staple food items, and the firm's disqualification would cause *hardship to SNAP households*…." (Emphasis added.)

59. The evidence of record reflects that Plaintiff is the *only* fresh seafood provider in Lenoir County and within forty miles of the City of Kinston, that no comparable authorized retailer exists offering similar food options in that area, and that disqualification would eliminate the only fresh seafood option for SNAP households in an area that has a growing poverty rate of approximately 28 percent.

60. The FNA's hardship analysis focused less on the availability of comparable food options in the area and more on the alleged hardship to Plaintiff.

61. Confusingly, the FNA also noted that this is not the proper analysis.

62. For this reason, the FNA's hardship analysis was improper, constituted an abuse of discretion, and should be reversed by this Court upon de novo review. Furthermore, because the one-year disqualification penalty was a product of that improper analysis, it is arbitrary and capricious and should, therefore, be reversed.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, Kinston Fish & Oyster, Inc., doing business as Reynolds Seafood Company, prays unto the Court for the entry of a judgment in its favor and against Defendant, United States of America, granting relief:

1. An injunction staying the one-year disqualification penalty pending the outcome of this action for judicial review pursuant to 7 USC § 2023 and 7 CFR § 279.7;

2. A judgment in favor of Plaintiff and against Defendant that reverses the Food and Nutrition Administration's June 23, 2026 Final Agency Decision or, alternatively, reverses that decision and remands this matter for the imposition of a reasonable civil money penalty pursuant to 7 CFR § 278.6(a) and 7 CFR § 278.6(f)(1);

3. An award of reasonable costs and attorney's fees to Plaintiff; and

4. Any and all other such relief as this Court deems just and proper.

Respectfully submitted, this the 16 day of July, 2026.

O'MALLEY TUNSTALL, PC

By: /s/Matthew S. Sullivan
Matthew S. Sullivan
N.C. State Bar No. 22343)
mssullivan@omalleytunstall.com
Joseph P. Tunstall, III

N.C. State Bar No. 29477
jptunstall@omalleytunstall.com
1151 Falls Road, Suite 1008
Rocky Mount, North Carolina 27804
(252) 823-2266
*Attorneys for Plaintiff*